UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHERIDAN ARLAND LANE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-1408 RWS |
| | ) | |
| OFFICER SHIELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Sheridan Arland Lane, II for leave to commence this action without prepayment of the required filing fee. Plaintiff was a pretrial detainee at the Jefferson County Jail when he filed his complaint on May 22, 2019. On July 11, 2019, Plaintiff filed a change of address notice with the Court indicating that he had been released from incarceration. Because plaintiff was released from confinement shortly after filing the instant action, the Court will grant his request to proceed *in forma pauperis* and will not assess an initial partial filing fee at this time. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Filing Fee**

Under 28 U.S.C. § 1915(b)(1), when a prisoner brings a civil action *in forma pauperis*, the prisoner must pay the full amount of the filing fee, usually in the form of an initial partial payment then installment payments over time. However, a non-prisoner plaintiff can litigate without payment of any fees if he qualifies under the general *in forma pauperis* provision of 28 U.S.C. § 1915(a)(1).

"Federal circuit authority is split on the question of whether the PLRA prison litigation provisions of § 1915 continue to govern if and after the prisoner is released *pendente lite* (that is,

during the litigation).  The Fifth, Seventh and District of Columbia Circuits have held that the full payment requirement is triggered upon the filing of the (as applicable) complaint or notice of appeal. … The Second, Fourth, Sixth and Tenth Circuits have concluded to the contrary, that the requirements of the PLRA do not continue to apply after the plaintiff is released." *Putzer v. Attal*, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (internal citations omitted).

The Eighth Circuit has not ruled on this issue.  However, in this case, plaintiff was released shortly after filing this case and before the Court had ruled his motion for *in forma pauperis* and ordered an initial partial payment.  Therefore, the Court will consider plaintiff as he currently stands at the time of the review of his motion – as a non-prisoner plaintiff under 28 U.S.C. § 1915(a)(1).  Based on the financial information submitted, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant his motion.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**Background and the Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights based on events that appear to have occurred during the course of his arrest in July of 2018. Plaintiff names two Pevely Police Officers as defendants in this action: Officer Unknown Shiele and Officer Unknown Kula, and he brings this action against the two Patrolmen in their individual and official capacities. Plaintiff also brings this action against the Pevely Police Department and the City of Pevely.

Plaintiff alleges that he was released from St. Louis University ("SLU") Hospital on July 3, 2018, after receiving medical care for a broken pelvis, broken left clavicle, and two collapsed lungs. Five days later, on July 8, 2019, plaintiff was stopped by Pevely police officers. Plaintiff alleges that the officers used excessive force when arresting him during that traffic stop and that the force caused damage to his healing injuries. This July 8th arrest lead to plaintiff's detention at the Jefferson County Jail.

For relief, plaintiff seeks damages and injunctive relief.

## Discussion

Having carefully reviewed and liberally construed plaintiff's pleading, the Court concludes that it simply fails to state any actionable claims or establish entitlement to any form of relief.

The Court takes judicial notice of plaintiff's arrest record and guilty plea with regard to the incident mentioned in the complaint. *See State v. Lane*, No. 18JE-CR03426-01 (23rd Judicial Circuit, Jefferson County Court). Officer Schiele wrote the probable cause statement in the case, filed on August 9, 2018, in which he stated the following:

> I, Schiele, Timothy, knowing that false statements on this form are punishable by law, state that the facts contained herein are true.
>
> 1. I have probable cause to believe that on 07-08-2018, at 1707 Highway Z, Pevely, MO 63070, in the County of Jefferson, Sheridan Arland Lane, White/M, DOB: … SSN:… committed one or more criminal offense(s):
> Assault – 2nd Degree – Special Victim
> Driving While Revoked/Suspended (FE)
> Possess Control Substance Except 35 G or Less Marijuana/Synthetic Cannabinod
> Possess Control Substance Except 35 G or Less Marijuana/Synthetic Cannabinod
> Possession of Marijuana/Synth Cannabinod of 10G or Less
> Property Damage – 1st Degree – Damage to Motor Vehicle with Intent to Steal
> Property Damage – 2nd Degree
> Resist Arrest/Detention/Stop by Fleeing – Create Sbstntl Risk – Serious Inj/Death
> Unlawful Possession of A Firearm
> Unlawful Possession of Drug Paraphernalia
> Unlawful Possession of Drug Paraphernalia – Amphetamine or Methamphetamine
> Unlawful Use of A Weapon – Subsection 11 – Possess Weapon/Felonoy Control Substance
>
> 2.The facts supporting this belief are:
> Officer Kula DSN 791 and I were dispatched to check the well-being of a subject who appeared to be sleeping at pump 13 for approximately 20 minutes. Upon making contact with the subject, later identified as Sheridan Arland Lane, II, I observed him to have his pants unbuckled, zipper down, and sleeping in the driver's seat with the vehicle's motor running idle. Therefore, Officer Kula opened the driver's door concerned for his well-being, at which time, Lane woke up. I asked if he was ok, to which Lane stated, "Yes," and started reaching in the

area of the center console placing the vehicle in drive at that time. As I reached in to grab Lane to stop him from fleeing, I observed his right hand move from the vehicle's shifter and drop beside his right leg. It was at that time, I observed a pistol positioned between the driver's seat and center console. Ofc. Kula, who was on scene yelled, "Gun!" at which time, Lane pressed on the gas pedal, placing the vehicle in motion. Due to attempting to grab Lane, and being partially inside the vehicle's driver side door, I was drug alongside the vehicle as it was moving tearing my uniform pants. The vehicle then came to an abrupt stop, striking a light fixture (causing not damage to it) owned by 1-55 Motor Plaza, as well as the curb surrounding said fixture. Once stopped I removed Lane from the vehicle, placing him face down on the ground in handcuffs. He was searched, at which time, I discovered a small plastic bag of miscellaneous pills, including morphine, a small "battie" with marijuana residue, and a cellophane wrapper containing marijuana, all within Lane's front pants pocket. A records check of Lane through MULES determined Lane's driving status through the State of Missouri was revoked, with him having previous convictions for such charge. He was then secured and placed in an ambulance to receive medical care, at which time, I returned to the vehicle and secured the pistol, which was wedged between the front driver seat and the center console. After doing so, the vehicle was inventoried to be towed, at which time, two sets of pill containers not prescribed to Lane were found, along with a clear glass smoking pipe, containing burnt methamphetamine residue, within the center console. A small plastic bag of crystallized substance, believed to be methamphetamine, was then found on the floorboard of the driver seat. A vehicle inquiry was done on the VIN of the vehicle, which determined the vehicle had been entered as stolen through the Arnold Police Department. It should be noted, the vehicle had damage along the front end and under carriage.

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2008); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person").

Plaintiff alleges that Officer Shiele grabbed him by the face while he was still in his car, and attempted to pull him from the car while he was still seat belted in the car, which exacerbated his existing injuries. Plaintiff additionally alleges that Officer Kula pulled him from his vehicle, "slammed him" into the ground and straddled his body, while "punching him in the face" while he was handcuffing plaintiff's hands behind his back. As stated, plaintiff's

allegations are insufficient to support a finding of excessive force in violation of the Fourth Amendment, especially given the Officer Shiele's report that plaintiff was fleeing from the scene with a gun, with Officer Shiele trapped by plaintiff's driver's side vehicle.

The Eighth Circuit has rejected an excessive force claim where an officer "forcefully threw" the plaintiff to the ground, pinned him down, and placed his weight into the plaintiff's back before handcuffing him, even though the plaintiff suffering from diabetic shock and was only "passively resistant." *Wertish v. Krueger*, 433 F.3d 1062, 1068 (8th Cir. 2006). *See also Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1008 (8th Cir. 2003) (finding no excessive force in securing handcuffs so tightly they made plaintiff's hand bleed) (citing *Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2000) (stating "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal."); *Nolin v. Isbell*, 207 F.3d 1253, 1257-58 (11th Cir. 2000) (holding as a matter of law the amount of force used during an arrest to handcuff a suspect was not excessive and would not defeat an officer's qualified immunity where the resulting injury was merely bruising). Additionally, plaintiff admits that the defendant officers called an ambulance to the scene to have plaintiff taken to a hospital to have his preexisting injuries examined, and plaintiff states he was immediately released by the hospital as fit for confinement.[1]

---

[1] Additionally, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). In order to prevail on an excessive force claim, plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force was unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (quoting *Kingsley*, 135 S. Ct. at 2473). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. In the case at bar, plaintiff's allegations do not establish that any defendant knowingly or purposely used objectively unreasonable force. Although plaintiff alleges that defendant Kula was unnecessarily rough, he does not allege that he was physically harmed him in any way. He admits that he was taken to the hospital to be checked and released immediately as fit to be confined. The Court concludes that plaintiff's allegations establish that the defendants' actions were objectively reasonable in light of the need to remove him from his moving car, and that they also establish that the officers made every available effort to temper or limit the amount of force given that plaintiff was

Furthermore, the complaint fails to state an official-capacity claim against defendants. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A police department, such as Pevely Police Department, is not an entity subject to suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Therefore, plaintiff's claims against the Police Department are subject to dismissal.

However, a local governing body such as the City of Pevely can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach only if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Here, plaintiff has not alleged that the City of Pevely has any unconstitutional policy or custom that makes it liable for the alleged violations of plaintiff's constitutional rights. Therefore, plaintiff's claims against the City of Pevely are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. The filing fee is waived in this matter.

**IT IS FURTHER ORDERED** that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)

---

armed. Also significant is the complete absence of any physical harm or injury to plaintiff. The Court therefore concludes that plaintiff has failed to state a claim of excessive force under the Fourteenth Amendment.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of March, 2020.

                                                 RODNEY W. SIPPEL
                                                 UNITED STATES DISTRICT JUDGE